IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY ROGERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-05-0493 |
| v. | § | (Criminal Number H-04-134) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, John Anthony Rogers, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 26 in Crim. No. H-04-134; Docket Entry No. 1 in C.A. No. H-05-0493). Rogers alleges that his sentence violated his rights under the Sixth Amendment to the United States Constitution because the court made findings that increased his sentencing guideline range. Pending before the court is the government's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 29 in Crim. No. H-04-134), to which Rogers has not responded.

Rogers pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii), pursuant to a written Plea Agreement (Docket Entry No. 9 in Crim. No. H-04-134). Paragraph 14 of the Plea Agreement states that "the defendant

knowingly waives his right to contest or 'collaterally attack' his plea, conviction and sentence by means of any post-conviction proceeding." After advising Rogers of his rights and ensuring that he understood the terms of the Plea Agreement, the court accepted the agreement and concluded that Rogers had waived the right to challenge his conviction or sentence by means of any post-conviction proceeding. Accordingly, pursuant to the terms of the Plea Agreement, Rogers has no right to file a motion to vacate his sentence under § 2255. See United States v. McKinney, ___ F.3d ___, 2005 WL 887153 (5th Cir. April 15, 2005).

Rogers' motion is premised upon the argument that the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), entitles him to relief. Even if Rogers had not waived his right to collaterally challenge his sentence, his motion would be meritless because the Supreme Court has not declared that the rules of constitutional law announced in United States v. Booker, 125 S.Ct. 738 (2005), are made retroactive to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005); Green v. United States, 397 F.3d 101 (2d Cir. 2005); In re Dean, 375 F.3d 1287 (11th Cir. 2004).

Rogers states in Addendum 1 to his motion that his attorney failed to object to his sentence based on Blakely. To the extent that Rogers may be alleging that his attorney was ineffective in failing to object to his sentence based on Blakely, this argument

-2-

lacks merit for two reasons.  First, when this court imposed Rogers' sentence, the Fifth Circuit had held that <u>Blakely</u> was not applicable to the Federal Sentencing Guidelines.  <u>United States v. Piniero</u>, 377 F.3d 464 (5th Cir. 2004), <u>vacated</u>, 125 S.Ct. 1003 (2005).  Counsel's failure to anticipate the Supreme Court's holding in <u>Booker</u> is not unreasonable.  "With respect to the reasonableness of counsel's conduct, '[only] in a rare case can an attorney's performance be considered unreasonable under prevailing professional standards when she does not make an [argument] which could not be sustained on the basis of the existing law as there is no general duty on the part of defense counsel to anticipate changes in the law.'"  <u>United States v. Davies</u>, 394 F.3d 182, 189 (3d Cir. 2005) (quoting <u>Government of Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989)).

Moreover, Rogers' contention that his sentence was based upon a greater quantity of drugs than he pleaded guilty to is incorrect. In the stipulated factual basis for his guilty plea Rogers admitted that he was responsible for 102.2 grams of crack cocaine delivered on February 27, 2004, and 394.6 grams of crack cocaine delivered on March 2, 2004.  Both dates are within the period of the conspiracy alleged in Count One of the Indictment.  At Rogers' sentencing his attorney objected to the inclusion of an additional 7.2 grams of crack cocaine because it was not a part of the stipulated factual basis agreed to by Rogers at the time of his rearraignment.  The

-3-

court sustained this objection and reduced Rogers' base offense level calculated under the guidelines.  Any Sixth Amendment claim based upon the failure of Rogers' counsel to make an objection predicated upon the Supreme Court's subsequent opinion in <u>Booker</u> thus has no merit under the facts of this case.  In fact, at the time of Rogers' sentencing the court expressly explained to him and his attorney that even if the federal sentencing guidelines were invalidated based upon the reasoning of <u>Blakely</u>, the sentence in Rogers' case would nevertheless be constitutional because all of the guideline factors dealing with his total offense level were stipulated to by him.

For the reasons explained above, the government's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 29 in Crim. No. H-04-134) is **GRANTED**.  Rogers' Motion for Transcripts (Docket Entry No. 25 in Crim. No. H-04-134) is **DENIED.**

**SIGNED** at Houston, Texas, on this 26th day of May, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-